IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FLORENCE RACZAK,                                         CASE NO:

    Plaintiff,

vs.

TARGET CORPORATION, a Foreign
Profit Corporation, and KELLY CHIRICO,
an individual,

    Defendants.
_____/

## DEFENDANT TARGET CORPORATION'S NOTICE OF REMOVAL

Defendant Target Corporation (hereinafter "Defendant"), through its undersigned attorneys and pursuant to 28 U.S.C. § 1446, files with this Court a Notice of Removal of the above-captioned matter from the Fourth Judicial Circuit, in and for Duval County, Florida. In support of the removal of this action, Defendant states as follows:

1. Plaintiff Florence Raczak has filed a civil action in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 20-CA-1702, for claimed injuries allegedly due to an incident in which Ms. Raczak allegedly tripped and fell on the Defendant's premises on February 17, 2020 in Duval County, Florida. True and correct copies of all process and pleadings served by or upon Defendants, as provided by 28 U.S.C. § 1446(a), are attached hereto as Exhibit "A."

2. Defendant removes this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441.

3. At the time of the incident alleged in Plaintiff's Complaint, Plaintiff was a citizen and resident of Duval County, Florida. (Complaint ¶2).

4. Defendant, at all relevant times, has been a domiciliary of the State of Minnesota, is incorporated in Minnesota, and has its principal place of business in Minnesota.

5. Plaintiff has fraudulently joined Florida resident and store director Kelly Chirico as a Defendant in this matter. Absent this fraudulent joinder, complete diversity exists between the Plaintiff and Defendant. Ms. Chirico has no individual liability for Plaintiff's personal injuries and she is an improper Defendant. There is no possibility the Plaintiff can establish a claim against her. The fraudulent joinder doctrine provides an exception to the citizenship requirement of removal jurisdiction. Allen v. Monsanto Co., 2009 WL 426546 (N.D. Fla. 2009)(citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)). A plaintiff cannot defeat removal by joining a non-diverse defendant having no real connection with the controversy. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The fraudulent joinder determination must be based on the Plaintiff's pleadings at the time of removal, which may be supplemented by affidavits and deposition transcripts. Partners for Pets, Inc. v. Southern Owners Insurance Co., 2019 WL 8063984 (N.D. Fla. 2019)(citing Pacheco de Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998)). If a defendant is fraudulently joined, its citizenship is not considered in determining whether complete diversity exists. Russell Petroleum Corp. v. Environ Prods., Inc., 333 F.Supp.2d 1228, 1231 (M.D. Ala. 2004). An affidavit by Ms. Chirico establishing that she had no real connection with this incident is attached hereto as Exhibit "B."

6. It is well-established under Florida law that an officer "does not incur personal liability for [the corporations] torts merely by reason of [the officer]'s official character." Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981). To be individually liable, a corporate official must have committed or participated in the tort. White v. Wal-Mart Stores, Inc., 918 So. 2d 367, 358 (Fla. 1st DCA 2005)("The law is clear to the effect that officers or agents of

corporations may be individually liable in tort if they commit or participate in a tort.") There have been numerous cases where the non-diverse manager was fraudulently joined and removal was found to be proper. See Roland v. Waffle House, Inc., 2018 WL 6715513 (N.D. Fla. 2018)(finding Waffle House manager, a non-diverse citizen, was fraudulently joined when manager was not working or present in the restaurant at the time of the plaintiff's incident, did not personally participate in incident giving rise to plaintiff's injury, and had no personal knowledge of the incident); see also Accordino v. Wal-Mart Stores East, LP, 2005 WL 3336503 (M.D. Fla. Dec. 8, 2005)(where plaintiff in a slip and fall case fraudulently joined a store manager and the Court denied Plaintiff's Motion to Remand because there was no evidence the defendant personally participated in the alleged tortious act in his individual capacity); Kimmons v. IMC Fertilizer, Inc., 844 F. Supp. 738, 739, 740 (M.D. Fla. 1994)(concluding that non-diverse manager of a corporation was not liable to plaintiff where manager did not personally participate in events giving rise to plaintiff's accident and was not present at accident site at time of plaintiff's injury); McElveen v. Peeler, 544 So. 2d 270, 271-72 (Fla. 1st DCA 1989)(finding personal participation in tortious act a prerequisite for imposing liability upon individual corporate officers or agents and rejecting liability based solely on general administrative responsibility.)

7. Defendant contends that Plaintiff's claim against Ms. Chirico has no reasonable basis in Florida law. Under Florida law, personal liability cannot be imposed upon Ms. Chirico simply because of her general administrative responsibility for performance of some function of her employment. See McElveen, 544 So. 2d at 272. Plaintiff cannot state a claim against Ms. Chirico under Florida law unless she had a personal duty towards the Plaintiff, breach of which specifically caused the Plaintiff's alleged damages. Id. Moreover, Ms. Chirico was not the owner of the property at the time of the alleged incident. In Accordino, Judge Corrigan remarked the court

could not find a Florida case establishing a cause of action against a manager of a retail store in his individual capacity under any of the Plaintiff's unpled alternative claims. Similarly, Defendant contends Plaintiff cannot support a viable cause of action against Ms. Chirico based on the facts presented to the Court. In this case, Ms. Chirico was not present in the area of the accident when it occurred and has no personal knowledge of the alleged conditions surrounding Plaintiff's injuries. For this reason, she had no personal involvement in the events that led up to the Plaintiff's alleged accident.

8. The Plaintiff's interrogatory answers to Defendant Target Corporation, served on May 22, 2020, make no specific allegation of negligence against Ms. Chirico. See attached Exhibit "C." When asked to describe in interrogatory number 8 how the incident happened, the Plaintiff stated "I was walking into Target on February 17, 2020, which was under construction at the time for a renovation. As I entered the store, I tripped and fell to the ground." In number 9, which asked the Plaintiff to detail each act or omission on the party of any party to the lawsuit that she contends constituted negligence that was a contributing legal cause of the incident in question, the Plaintiff answered "Plaintiff objects to this interrogatory as seeking a legal conclusion. Notwithstanding said objection, TARGET negligently failed to maintain or adequately maintain the premises, thus creating a hazardous condition in the area of the fall to members of the public utilizing said premises, including the Plaintiff, and creating an unreasonably dangerous tripping hazard, to wit: a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof. Please see Complaint for additional information." There is no specific allegation of an act or omission on the part of Ms. Chirico individually in the Plaintiff's interrogatory answers to Defendant Target Corporation.

9. In Florida there is no recognized cause of action or an *in absentia* claim of negligent failure to maintain the store because Florida law requires that a corporate officer or agency can be personally liable for negligence only if he is personally involved in the tortious conduct <u>Stephens v. PetSmart, Inc</u>., 209 WL 3674680 (M.D. Fla. 2009). In <u>Stephens</u>, the Plaintiff attempted to assert a claim against a manager of a PetSmart store who was in the store at the time of the incident. However, the manager had no knowledge of the alleged hazard – a wet substance on the floor. In addition, the manager had no role in drafting or creating PetSmart's policies and procedures regarding store safety and inspection of the premises. For these reasons, the court found there was no possibility that a cause of action could be asserted against the manager in his individual capacity and that his joinder in the lawsuit was deemed fraudulent. The facts of <u>Stephens</u> are similar to this case in that, although Ms. Chirico was present in the store at the time of the accident, she has no personal knowledge of the alleged dangerous condition and did not participate in the incident. Moreover, she was not responsible for drafting Target's policies. <u>See</u> Chirico Affidavit attached as Exhibit "B."

10. The Complaint alleges the damages "exceed Thirty Thousand Dollars ($30,000.00)." (Complaint ¶1). Claimed damages include: pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of a previously existing condition. (Complaint ¶ 15). Plaintiff claims these losses are either permanent or continuing and will continue to be suffered in the future. <u>Id.</u>.

11. The Plaintiff did not provide medical records or billing in response to Defendant's Request for Production, however, Defendant subpoenaed providers identified by Plaintiff in her

answers to Plaintiff's Interrogatories. Defendant is in possession of medical bills from the following, attached as Exhibit "D."

| | |
|---|---:|
| Jacksonville Orthopaedic Institute | $ 4,854.00 |
| Jacksonville Fire Rescue | $ 1,225.00 |
| Life Care Center of Jacksonville | $ 9,315.00 |
| Baptist Medical Center South | $ 97,532.30 |
| **TOTAL** | **$112,926.30** |

12. Based on the records obtained and the Plaintiff's discovery responses, the Plaintiff is alleging a broken right hip and femur, injured right shoulder, bruising, swelling and tightness to her body, and emotional stress and anxiety.

13. The medical records reflect that on the date of the alleged incident, February 17, 2020, the Plaintiff presented to Baptist Medical Center complaining of right hip pain. X-rays revealed fractures in her hip that were surgically repaired the next day, consisting of trochanteric femoral nailing. The Plaintiff's bill from Baptist Medical Center alone was $97,532.30.

14. Defendant has filed this Notice of Removal within thirty (30) days of receipt of the Plaintiff's medical billing records, which revealed the amount in controversy exceeds $75,000.00. The Plaintiff's medical billing records from Baptist Medical Center South were received by Defendant on September 3, 2020. Therefore, this Notice of Removal is timely.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

16. The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action. Thus, Defendant may properly remove the State Court action to this District Court pursuant to 28 U.S.C. §1441(a).

17. The amount in controversy in this case is greater than $75,000.00 exclusive of interest and costs, and there is complete diversity between the parties. Therefore, this United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

18. Pursuant to the rules of this Court, Defendant has submitted the $400.00 filing fee.

WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida.

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been e-filed with the Clerk of the Court by using the Florida Courts Portal system and furnished to the following named addressees via email on this 1st day of October, 2020:

Sarah A. Foster, Esq.
Morgan & Morgan, P.A.
76 S. Laura Street, Suite 1100
Jacksonville, FL  32202
sarahfoster@forthepeople.com
llfernandez@forthepeople.com
*Attorneys for Plaintiff*

                              **SAALFIELD SHAD, P.A.**

                              /s/ Joseph B. Stokes, III
                              _____
                              **JOSEPH B. STOKES, III, ESQUIRE**
                              Florida Bar Number: 897183
                              Email (Primary) jstokes@saalfieldlaw.com
                              Email (Secondary) llovein@saalfieldlaw.com;
                              wdean@saalfieldlaw.com
                              **RUBY JO CATHERINE SMITH, ESQUIRE**
                              Florida Bar Number: 112741
                              Email (Primary) rjcs@saalfieldlaw.com
                              245 Riverside Avenue, Suite 400
                              Jacksonville, Florida 32202
                              904/355-4401 (phone)
                              904/355-3503 (facsimile)
                              *Attorneys for Defendant Target Corporation*