16-2020-CA-001702-XXXX-MA Div: CV-E

Filing # 105154413 E-Filed 03/19/2020 01:14:31 PM

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

CASE NO:
DIVISION:

**FLORENCE RACZAK**, an individual,

    Plaintiff,

vs.

**TARGET CORPORATION**, a Foreign Profit Corporation, and **KELLY CHIRCO**, an individual,

    Defendants.
_____/

## COMPLAINT

COMES NOW the Plaintiff, FLORENCE RACZAK, and sues Defendants, TARGET CORPORATION, a Foreign Profit Corporation (hereafter "TARGET") and KELLY CHIRCO, an individual (hereafter "KELLY CHIRCO") and alleges:

### COMMON ALLEGATIONS AS TO ALL COUNTS

1.    This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees. Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for jurisdictional purposes only. The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.    At all times material hereto, Plaintiff, FLORENCE RACZAK, was and remains a resident of Jacksonville, Duval County, Florida.

3. At all times material hereto, including February 17, 2020, Defendant, TARGET, was and remains a foreign profit corporation that maintains a business located at 4567 River City Drive, Jacksonville, Duval County, Florida.

4. At all times material hereto, including February 17, 2020, Defendant, KELLY CHIRCO, was and remains a resident of Duval County, Florida.

5. At all times material hereto, including February 17, 2020, Defendant, KELLY CHIRCO, was a store manager of Defendant, TARGET, who was working at the TARGET store located at 4567 River City Drive, Jacksonville, Duval County, Florida.

6. At all times material hereto, including February 17, 2020, Defendant, KELLY CHIRCO, was a store manager of Defendant, TARGET who was working at the TARGET store located at 4567 River City Drive, Jacksonville, Duval County, Florida, and was personally involved in the incident described in this Complaint.

7. Venue in Duval County, Florida is proper as the injuries sustained by Plaintiff, FLORENCE RACZAK, occurred at 4567 River City Drive, Jacksonville, Duval County, Florida.

<u>COUNT I</u>
(FLORENCE RACZAK v. TARGET)

8. Plaintiff, FLORENCE RACZAK, realleges paragraphs 1 through 7 as though fully set forth herein.

9. At all times material hereto, including February 17, 2020, Defendant, TARGET, owned, operated, leased, possessed, controlled or managed the premises located at 4567 River City Drive, Jacksonville, Duval County, Florida, where it owned, operated, possessed, controlled or managed the business located at said premises, said business being that of a retail store open to the general public and to those persons lawfully invited to be upon said premises.

10. On or about February 17, 2020, Plaintiff, FLORENCE RACZAK was lawfully upon Defendant, TARGET's premises located at the above address as a business invitee.

11. At said time and place, Plaintiff fell while entering the subject premises of Defendant, TARGET, due to a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof.

12. At said time and place, Defendant, TARGET, owed Plaintiff a duty to exercise reasonable care for her safety.

13. At said time and place, Defendant, TARGET, breached its duty owed to Plaintiff by committing one or more of the following omissions or commissions:

   a) Negligently failing to maintain or adequately maintain the premises, thus creating a hazardous condition in the area of the fall to members of the public utilizing said premises, including the Plaintiff herein, and creating an unreasonably dangerous tripping hazard, to wit: a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, to the TARGET, being in violation of the applicable building codes and standards and life safety rules, thus creating an unreasonably dangerous condition for Plaintiff;

   b) Negligently failing to inspect or adequately inspect the premises, as specified above, to ascertain whether a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises constituted a hazard to customers utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition to the Plaintiff;

    c) Negligently failing to inspect or adequately warn the Plaintiff of the above danger of the premises, when Defendant knew or through the exercise of reasonable care should have known that said premises was unreasonably dangerous and that Plaintiff was unaware of same; and

    d) Negligently failing to correct or adequately correct the unreasonably dangerous condition of a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises, when said conditions were either known to Defendant or had existed for a sufficient length of time such that Defendant should have known of same had Defendant exercise reasonable care.

14. As a result, while Plaintiff was visiting Defendant TARGET located at the subject premises, she tripped and fell forward to the ground due to a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises while attempting to exit the TARGET store, sustaining injuries as set forth.

15. As a direct and proximate result of the negligence of Defendant, TARGET, the Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, FLORENCE RACZAK, demands judgment against Defendant, TARGET, for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## COUNT II
### (FLORENCE RACZAK v. KELLY CHIRCO)

16. Plaintiff, FLORENCE RACZAK, realleges paragraphs 1 through 7 as though fully set forth herein.

17. At all times material hereto, Defendant, KELLY CHIRCO, was a store manager with supervisory authority for Defendant, TARGET.

18. Defendant, KELLY CHIRCO, was directly responsible for maintaining and operating the store and therefore is personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

19. Moreover, at all times material hereto, Defendant, KELLY CHIRCO, was directly responsible for executing Defendant, TARGET's, policies and procedures of store management and was personally involved in Defendant, TARGET's previously described conduct and is therefore personally liable to Plaintiff. See, e.g., White v. Wal-Mart Stores, 918 So. 2d 357, 358 (Fla. 1st DCA 2006); Orlovsky v. Solid Surf, 405 So. 2d 1363, 1364 (Fla. 4th DCA 1981).

20. At all times material hereto, Defendant, KELLY CHIRCO, as the store manager of the subject premises, owed Plaintiff a duty to maintain the store in a reasonably safe condition.

21. At all times material hereto, Defendant, KELLY CHIRCO, as the store manager of the subject premises, owed Plaintiff a duty to warn Plaintiff of any latent dangers in the store, including a sudden and unexpected change elevation of a rug in the entrance of the subject store, where it would have reasonably been anticipated that a customer would be walking.

22. At said time and place, Defendant, KELLY CHIRCO, breached his duty owed to Plaintiff by committing one or more or the following omissions or commissions:

   a) Engaging in a negligent manner or practice such that an unreasonably dangerous condition of a sudden and unexpected change elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises was permitted to exist;

   b) Negligently failing to ensure Defendant's employees followed their non-delegable duty to maintain the premises in a reasonably safe condition for invitees (including but not limited to, hiring, training and supervision of such employees);

   c) Negligently failing to personally maintain or adequately maintain the premises, thus creating a hazardous condition to members of the public utilizing said premises, including the Plaintiff herein, thus creating an unreasonably dangerous condition for Plaintiff;

   d) Negligently failing to have adequate policies and procedures in place to ensure that the subject premises, including areas where persons walked, was free of hazards and/or dangerous conditions such as unreasonably dangerous condition of a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises;

   e) Negligently failing to personally warn or adequately warn persons on the subject premises, including the Plaintiff, of the danger of the premises, to wit: unreasonably dangerous condition of a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises, when Defendant knew or through the exercise of reasonable care should

       have known that said premises and practice was unreasonably dangerous and that Plaintiff was unaware of same; and

    f) Negligently failing to personally correct or adequately correct the unreasonably dangerous condition of a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, at the subject premises, when said condition and practice was either known to Defendant, KELLY CHIRCO, or had existed for sufficient length of time such that Defendant should have known of same had Defendant exercised reasonable care.

23. As a result, while Plaintiff was visiting Defendant TARGET located at the subject premises, she tripped and fell forward to the ground due to a sudden and unexpected change in elevation of a rug in the entrance of the subject store, and no warning thereof, while attempting to exit the TARGET store, sustaining injuries as set forth.

24. As a direct and proximate result of the negligence of Defendant, KELLY CHIRCO, the Plaintiff suffered bodily injury in and about her body and extremities, resulting in pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

WHEREFORE, the Plaintiff, FLORENCE RACZAK, demands judgment against Defendant, KELLY CHIRCO, for damages, costs of this action, interest, and such other and further relief as this Court may deem meet and just, and demands a trial by jury on all issues so triable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

**RESPECTFULLY** submitted this 19th day of March, 2020.

**MORGAN & MORGAN, P.A.**

/s/ *Sarah A. Foster*
**Sarah A. Foster, Esquire**
Florida Bar No. 0115462
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Primary: sarahfoster@forthepeople.com
Secondary: aperry@forthepeople.com
Telephone: (904) 361-4442
Facsimile: (904) 366-7677
*Attorneys for Plaintiff*